# STATE OF LOUISIANA
# COURT OF APPEAL, FIRST CIRCUIT

LAWRENCE DAVID PHILLIPS, JR.

NO.  2021 CW 1444

VERSUS

EXXON CHEMICAL LOUISIANA, LLC, ET AL

**MARCH 17, 2022**

---

In Re:   Exxon Mobil Corporation, applying for supervisory writs, 19th Judicial District Court, Parish of East Baton Rouge, No. 691,676.

---

**BEFORE:   GUIDRY, WELCH, HOLDRIDGE, CHUTZ, AND LANIER, JJ.**

**WRIT GRANTED.** A party may not assign as error the giving of a jury instruction unless he objects thereto either before the jury retired to consider its verdict or immediately after the jury retires, stating specifically the matter to which he objects and the grounds of his objection. La. Code Civ. P. art. 1793(C). A district court's reliance on improper jury instructions in support of a grant of a new trial is "erroneous as a matter of law" where the party in whose favor the new trial was granted failed to object to the charge at trial. See **Davis v. Witt**, 2002-3102 (La. 7/2/03), 851 So.2d 1119, 1132, citing La. Code Civ. P. art. 1793(C); see also **Boylston v. Tidwell**, 36,730 (La. App. 2d Cir. 8/22/03), 852 So.2d 1256. The plaintiffs in this case also failed to demonstrate that the jury instructions misled the jury to the extent that it was prevented from dispensing justice. See **Adams v. Rhodia, Inc.**, 2007-2110 (La. 5/21/08), 983 So.2d 798, 804 ("Determining whether an erroneous jury instruction has been given requires a comparison of the degree of error with the jury instructions as a whole and the circumstances of the case."). Therefore, we grant this writ application, reverse the district court's July 12, 2021 judgment granting the plaintiffs' motion for new trial, and deny same.

**JMG**
**GH**
**WIL**

**Welch and Chutz, JJ.,** dissent and would deny the writ application.

COURT OF APPEAL, FIRST CIRCUIT

_____
DEPUTY CLERK OF COURT
FOR THE COURT